[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal by Albina Lata, et al (appellants), listed in the caption as defendants, from a statement of compensation made by the Commissioner of Transportation (Commissioner) for the taking of a portion of certain property in South Windsor owned by appellants in connection with the layout, alteration, extension, widening, change of grade and improvement of the highway commonly known as Present Sullivan Avenue, Conn. Rte. 194. The subject property is in the Town of South Windsor on the southwesterly side of Sullivan Avenue near Graham Road and Ayers Road and is known is 1101 Sullivan Avenue. South Windsor is close to Hartford and is a growing suburban area with access to good transportation facilities. The property taken is described in the complaint and is shown on a map entitled: "Town of South Windsor Map showing Land Acquired From Heirs of Gertrude M. Plaga Annino by the State of Connecticut Department of Transportation intersection improvements on Sullivan Avenue at the intersections of Graham Road and Ayers Road December 1996 James F. Byrnes, Jr., P.E. — Transportation Chief Engineer Bureau of Engineering and Highway Operations." A copy of the map was introduced into evidence by agreement of the parties and marked Exhibit 1. The appellants are Albina Lata of Enfield, Connecticut; Marion Gegetskas of Granby, CT Page 821 Connecticut; Ludwig Savitsky of Yakima, Washington; and Royce Savitsky of Norwich, Connecticut. It was stipulated by the parties that title in fee simple to the property known as 1101 Sullivan Avenue is in the name of those appellants; that it was offered for sale for $600,000 from August 30, 1998 to August 30, 1999; and that it has been offered for sale since August 30, 1999 for $550,000. The certificate of devise stated that the subject property contained 44 acres, more or less, before the taking. According to the assessor's list, the subject property contained 42.5 acres before the taking.
The parties agreed that the date of taking was September 19, 1997, and that the Commissioner determined the amount of compensation to be $4,250, which amount was deposited with the clerk of the court and has been paid to the appellants by agreement of the parties.
The subject property is in the central part of the Town of South Windsor approximately one mile north of the center of the town. It is in a mixed use area between the Town Hall and a shopping center. Sullivan Avenue has both commercial and residential properties, though the immediate vicinity is primarily residential and farmland. Situated on the subject property are a 2 1/2 story dwelling and two outbuildings, none of which is affected by the taking. The property had 480 feet of frontage on the westerly side of Sullivan Avenue and slopes down to the rear to rolling topography containing what appear to be wetlands. It contains a mixture of open and wooded areas and is crossed by the Podunk River. The property extends from Sullivan Avenue approximately 4,100 feet to its frontage of 533 feet, more or less, along West Road. The property is zoned A-20 and RR for residential use but residential development would be limited by the wetlands. It is served by electric, water, sewer and telephone utilities.
The taking consisted of 7,459 square feet along a portion of the frontage of the subject property on Sullivan Avenue, roughly triangular in shape and lying to the northeasterly of the dwelling house. Access and egress to and from the subject property is not affected by the taking.
Peter R. Marsele, a qualified real estate appraiser was called as an expert witness by the appellants. He opined that the highest and best use of the property is for residential development. Because of the wetlands on the property, Marsele did CT Page 822 not consider that a before and after appraisal was appropriate. It was his opinion that the back land had minimum value but that the front portion could be developed with building lots. Using sales of house lots as comparable sales, he estimated that the fair market value of the 7,459 square foot strip taken was $19,000.
Michael Aletta, a qualified real estate appraiser, was called as an expert witness by the Commissioner. In his opinion, the highest and best use of the subject property is for mixed use, development with possible commercial use along the front and residential use to the rear. A zone change would be required for this kind of development. Alert a opined that an application for zone change was possible but not guaranteed. He found two large residential properties which are under development in South Windsor and owe commercial land sale, and he opined that those were the best comparables available. Using the sales comparison method, Aletta estimated the fair market value of the subject property before the taking at $575,000. He estimated the fair market value after the taking at $573,000 and concluded that damages due to the taking were $2,000. Aletta had also done an appraisal for the Commissioner to estimate the value for acquisition of the 7,459 square foot parcel prior to the condemnation. He had thought that the subject property was zoned for industrial use and used land in an industrial zone as comparable sales. He estimated acquisition value to be $4,250.
The highest and best use of the subject property at present is a continuation of its present use. A prospective purchaser would consider that the area is mixed with some commercial use in the vicinity. While approval of an application for zone change may be likely, no application has been made and a prospective purchaser would consider that as bearing on the fair market value of the subject property.
The duty of a referee in condemnation matters is to make an independent determination of value and fair compensation in light of all the circumstances. Having seen the subject property, and having given full consideration to all of the testimony and all of the evidence offered by the parties, and relying upon my own knowledge of the elements constituting value, I have concluded that the damages sustained by the appellants are $5,000. Judgment may enter for the appellants for the further sum of $750 in addition to the sum of $4,250 which was deposited with the clerk of the court by the Commissioner and then paid to the appellants, CT Page 823 with interest on such further sum from the date of taking to the date of payment, together with an allowance of $800 toward the appraisal fee.
George Stoughton, Judge Trial Referee